UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO OSWALDO MEJIA-
LOPEZ,

        Petitioner,

   v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
U.S. ATTORNEY GENERAL,

        Respondents.

Case No. 2:26-cv-843-KCD-DNF

_____/

## **ORDER**

Petitioner Alfredo Oswaldo Mejia-Lopez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States while his habeas petition is pending. According to Mejia-Lopez, without this pause button, the Government might whisk him away and deprive him of a chance to litigate this case. (*Id.* at 2.) He also seeks the Court to order Respondents to afford him a bond hearing or direct his immediate release from custody. (*Id.* at 6.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## A. Removal

Meija-Lopez's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Meija-Lopez now requests.

He first asks the Court to intervene and stay his removal from the United States. (Doc. 2 at 6.) But the Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It

states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Meija-Lopez—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't,* 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, Meija-Lopez's request to enjoin removal from the United States must be denied. *See, e.g.,*

3

*Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at \*9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

### B. Bond Hearing or Immediate Release

Meija-Lopez's request for a bond hearing or immediate release also fails. (Doc. 2 at 6.) He asks this Court to disturb the status quo—his current detention—and grant him essentially the full measure of relief he seeks in the habeas petition, all before the Government has even had an opportunity to be heard. The Court declines the invitation.

Meija-Lopez alleges that Respondents violated his due process rights by holding him without a bond hearing. (Doc. 1 at 19-20.) But in the context of a TRO—where the Court has heard only one side of the story—we must be cautious. The government has not yet had a chance to respond. It may be that a bond hearing is not required at all in this circumstance. And even if these violations occurred, the typical remedy for a procedural defect is to order the agency to provide the process that was due, not necessarily to order immediate release. *See Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67 (2009).

4

5

While the Court takes Meija-Lopez's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or not appropriate. Accordingly, his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on March 30, 2026.

Kyle C. Dudek
United States District Judge